UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESUS MONTEJO et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-23-738-G |
| ) | |
| ALLSTATE VEHICLE AND ) | |
| PROPERTY INSURANCE COMPANY ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Now before the Court is Plaintiffs Jesus Montejo and Lisa Montejo's Motion to Remand (Doc. No. 18). Defendant Allstate Vehicle and Property Insurance Company ("Allstate") has responded (Doc. No. 19), and Plaintiffs have replied (Doc. No. 20). Additionally, Plaintiffs have filed Notices of Supplemental Authority pursuant to Local Civil Rule 7.1(*l*). *See* Pls.' Notices of Suppl. Auth. (Doc. Nos. 21, 22, 23, 26, 27).

### I. Background

Plaintiffs initially filed this action in the District Court of Grady County, Oklahoma, on May 1, 2023. *See* Pet. (Doc. No. 1-1). The suit arose from Allstate's denial of Plaintiffs' claim under an Allstate insurance policy regarding damage to the roof of Plaintiffs' dwelling after a May 2022 storm that produced wind and hail. *See id.* ¶¶ 23, 25. Plaintiffs allege breach of contract, breach of the duty of good faith and fair dealing, negligent procurement of insurance, and constructive fraud and negligent misrepresentation against Allstate. *See id.* ¶¶ 37-75. Plaintiffs also assert claims of negligent procurement of

insurance, and constructive fraud and negligent misrepresentation against Defendants Weston Depriest and Rick DePriest Agency, Inc. ("RDA"). *See id.* ¶¶ 53-75.[1]

Allstate removed the action to this Court on the basis of diversity jurisdiction and the doctrine of fraudulent joinder. *See* Notice of Removal (Doc. No. 1) at 1. Plaintiffs then filed the instant Motion to Remand, alleging that complete diversity does not exist between them and all defendants and that the doctrine of fraudulent joinder does not apply to permit removal in this case.

II. Discussion

　A. *Relevant Standards*

A civil action filed in a state court may be removed to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Res. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

The relevant statute prescribes that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

---

[1] The Petition refers to Weston Depriest and RDA collectively as "Depriest." *See* Pet. at 1. The two are identified separately herein except when directly quoting from the Petition.

2

exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Jurisdiction under § 1332(a) requires complete diversity among the parties. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

It is undisputed that the $75,000 amount in controversy requirement is met here. *See* Pet. at 23. It is further undisputed that Plaintiff and Defendants Depriest and RDA are all citizens of Oklahoma for diversity purposes and that Allstate is a non-Oklahoma citizen for diversity purposes. *See id.* at 1-2. Therefore, complete diversity does not exist among the parties.

Citing this lack of diversity, Plaintiffs seek remand of this case to state court. *See* Pls.' Mot. to Remand at 8-32; 28 U.S.C. § 1447(c). Allstate argues that the Court has jurisdiction over this action because the nondiverse defendants—Depriest and RDA—were fraudulently joined by Plaintiffs in an effort to defeat removal. *See* Notice of Removal at 5-15; Def.'s Resp. at 6-30.

The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *See id.* (alteration and internal quotation marks omitted). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (internal quotation marks omitted).

3

## B. *Defendant Weston Depriest*

The Court first considers whether Allstate has established that Weston Depriest was fraudulently joined as a defendant in this matter, such that the Court may disregard Defendant Depriest's nondiverse citizenship in determining whether the Court has jurisdiction under § 1332(a).

### 1. Whether Plaintiffs Are Unable to Recover Against Defendant Depriest

In evaluating Allstate's allegation of fraudulent joinder, the Court "must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of" Plaintiffs as the non-removing party. *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (internal quotation marks omitted). The Court must "then . . . determine whether [Plaintiffs] ha[ve] any possibility of recovery against" Defendant Depriest or RDA. *Id.* (internal quotation marks omitted).

The removing party must demonstrate "[t]he non-liability of the defendants alleged to be fraudulently joined . . . with 'complete certainty.'" *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (quoting *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)). "This standard is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)," as "remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." *Montano*, 2000 WL 525592, at *2. "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability[.]" *Smoot*, 378 F.2d at 882 (internal quotation marks omitted). "But upon specific allegations of fraudulent joinder, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by

4

any means available." *Id.* (citation and internal quotation marks omitted).

Plaintiffs allege they sought from Defendant Depriest a policy that provided roof coverage above and beyond a typical policy (i.e., "replacement cost coverage"). *See* Pet. ¶¶ 7-8. In Count IV, Plaintiffs claim Defendant Depriest engaged in constructive fraud or negligent misrepresentation by, in part, falsely representing to Plaintiffs after inspecting or purporting to inspect their roof that the roof was eligible for the more selective replacement value coverage rider. *See id.* ¶¶ 67-68, 70. Plaintiffs allege that Defendant Depriest informed them that an inspection was required and that the roof needed to meet certain criteria for the enhanced roof coverage to issue. *See id.* ¶¶ 9, 68. Plaintiffs allege that "neither Depriest nor Allstate advised Plaintiffs at any time before the loss that their roof was too old, worn, in poor condition, or plagued by pre-existing damage or defective workmanship that would exclude them or render them ineligible for the Roof Endorsement they specifically requested and paid for." *Id.* ¶ 9. Plaintiffs allege that, to the contrary, "Depriest specifically advised and represented to Plaintiffs that the roof was in good condition, satisfied all of Allstate's guidelines and underwriting requirements" so it "qualified and was eligible for full replacement cost coverage." *Id.* ¶ 14. Plaintiffs allege that if the roof had exhibited the disqualifying characteristics, the roof would have been ineligible for the additional coverage. *See id.* ¶ 12.

When Plaintiffs' policy was issued, it included the replacement cost coverage at an additional cost, which Plaintiffs paid. *Id.* ¶ 22. Plaintiffs allege that when, only months later, they sought payment of benefits under that coverage due to damage caused by the May 2022 storm, their claim was denied with the cited basis being that the damage was not

5

caused by wind or hail but water intrusion due to the roof's aged and general poor condition. *See id.* ¶¶ 23-25.

Allstate challenges various facets of the allegations and legal claims, first arguing that Plaintiffs could not have reasonably relied on the representations in light of language in the written policy to the contrary and that Defendant Depriest generally owed Plaintiffs no duties. *See* Def.'s Resp. at 22, 25. As to the specific allegations of fraud or misrepresentations about the eligibility of Plaintiffs' roof for the additional coverage and its condition, Allstate presents an affidavit from Defendant Depriest denying that he made the alleged representations to Plaintiffs. *See* Depriest Aff. (Doc. No. 1-5) ¶¶ 8-20. Allstate further argues that, "[e]ven if RDA and Weston [Depriest] represented to Plaintiffs that their property met underwriting guidelines and qualified for replacement cost coverage, any such representations were immaterial because Plaintiffs concede that the replacement cost coverage was issued." Def.'s Resp. at 21 n.3.

Under Oklahoma law, constructive fraud consists of "any breach of a duty which, regardless of the actor's intent, gains an advantage by misleading another to his prejudice." *Sutton v. David Stanley Chevrolet, Inc.*, 475 P.3d 847, 854 (Okla. 2020); *see* Okla. Stat. tit. 15, § 59(1). To recover under such this theory, a plaintiff must prove that: (1) "the defendant owed plaintiff a duty of full disclosure"; (2) "the defendant misstated a fact or failed to disclose a fact to plaintiff"; (3) "the defendant's misstatement or omission was material"; (4) "plaintiff relied on defendant's material misstatement or omission"; and (5) "plaintiff suffered damages as a result of defendant's material misstatement or omission."

6

*Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1180-81 (10th Cir. 2008) (internal quotation marks omitted).

In Oklahoma, an insurance agent does not have a duty of a fiduciary nature to a new or current customer, but a duty is imposed on the agent "to exercise reasonable care and skill in performing [his or her] tasks." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999) (explaining that "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance"). This "duty to act reasonably" exists because of "the specialized knowledge [the agent] possesse[s] of the terms and conditions of insurance policies generally." *Id.*

Pursuant to this duty, "an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Id.* The Oklahoma Supreme Court has explained that, even where there is no fiduciary relationship,

> a legal or equitable duty to disclose all material facts may arise out of the situation of the parties, the nature of the subject matter of the contract, or the particular circumstances surrounding the transaction. In order that suppression of the truth may constitute fraud, there must be a suppression of facts which one party is under a legal or equitable obligation to communicate to the other, and which the other party is entitled to have communicated to him. In other words, the facts concealed must be such as in fair dealing, the one party has a right to expect to be disclosed, and such as the other party is bound to disclose. One may be under no duty to speak, but if he or she undertakes to do so, the truth must be told without suppression of material facts within his or her knowledge or materially qualifying those stated. Fraudulent representations may consist of half-truths calculated to deceive, and a representation literally true is actionable if used to create an impression substantially false. Where the peculiar circumstances give rise to a duty on the part of one of the parties to a contract to disclose material facts and the party remains silent to his or her benefit and to the other party's detriment, the failure to speak constitutes fraud.

*Sutton*, 475 P.3d at 854 (citations omitted); *see also Specialty Beverages*, 537 F.3d at 1180.

7

The Oklahoma Supreme Court has concluded that constructive fraud occurred when an insurance agent made inaccurate affirmations to a customer regarding the scope and exclusions of desired coverage—affirmations similar to those alleged to have been made by Defendant Depriest here. *See Gentry v. Am. Motorist Ins. Co.*, 867 P.2d 468, 472 (Okla. 1992) (finding a breach of the insurance company's "duty to inform its insured," "through its agent," "of exclusions" from the policy). The Tenth Circuit reached the same conclusion in a similar case considering reformation of an insurance contract. *See Ohio Cas. Ins. Co. v. Callaway*, 134 F.2d 788, 790-91 (10th Cir. 1943). Notably, in both cases, the constructive fraud findings were not defeated even though the written policy contained information that contradicted the agents' alleged assertions to the insured regarding coverage. *See Gentry*, 867 P.2d at 472; *Ohio Cas. Ins. Co.*, 134 F.2d at 791; *see also Sutton*, 475 P.3d at 857-58 (rejecting a "constructive knowledge" defense to a constructive fraud claim).

It follows from the above that Plaintiffs' allegations, when taken as true, plausibly state a claim of fraud against Defendant Depriest for his alleged representations about the condition of the roof and its eligibility for the requested coverage. If shown that the condition of Plaintiffs' roof precluded its eligibility for the specifically sought coverage, Defendant Depriest knew this was so, Defendant Depriest falsely represented to Plaintiffs that the condition of the roof permitted the enhanced coverage (or suppressed the truth that it did not), and these representations/omissions caused Plaintiffs to select the policy—ineffective as it may have been—as sufficient to meet their needs, Plaintiffs could recover against Defendant Depriest on a theory of constructive fraud under Oklahoma law.

Allstate's arguments that the evidence will not support Plaintiffs' allegations are not

sufficient in this instance to find fraudulent joinder of Defendant Depriest. Allstate presents the affidavit of Defendant Depriest, in which Defendant Depriest denies making the alleged fraudulent representations. *See* Def.'s Resp. at 14; Depriest Aff. ¶¶ 8-20. Allstate argues that Plaintiffs' lack of a counter-affidavit acts as a concession on this point, *see* Def.'s Resp. at 14, but Plaintiffs' alleged facts supporting their fraud claim are set forth in their Petition and will be considered by the Court. What emerges from these opposing accounts is a factual dispute regarding what transpired between Plaintiffs and Defendant Depriest. This case is distinct from the decisions cited by Allstate, in which the party asserting fraudulent joinder showed a plain and indisputable lack of connection between the nondiverse defendant and the conduct alleged. *See, e.g.*, *Smoot*, 378 F.2d at 881-82 (evidence showed a nondiverse defendant, a former railroad employee, was no longer employed by the railroad when the incident occurred and that the employee had no interaction with the at-issue signal system during his employment); *Ferrell v. BGF Glob., LLC*, No. CIV-15-404-D, 2015 WL 6438988, at *4 (W.D. Okla. Oct. 21, 2015) (evidence provided by nondiverse defendant, a traffic light service company, showed that the company never serviced the at-issue traffic light); *Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 409 (10th Cir. 1958) (affidavits from nondiverse defendants showed that they were not involved in assembling or selling the injury-causing bicycle). Here, in contrast, assessing whether Defendant Depriest's version of events should be accepted instead of Plaintiffs' allegations would require the kind of pretrial merits determination that is improper at this stage. *See Smoot*, 378 F.2d at 882.

Further, Allstate's arguments that Plaintiffs' claim is defeated due to the issuance of

the policy or that the contents of the policy, if read by Plaintiffs, would have alerted them to the actual terms do not produce complete certainty this claim is nonviable because, as set forth above, courts have found constructive fraud by an insurance agent in such circumstances. *See Montano*, 2000 WL 525592, at *1 (explaining that the court must "resolve . . . all ambiguities in the controlling law in favor of the non-removing party" (internal quotation marks omitted)).

In sum, Allstate has not carried its heavy burden to establish with complete certainty that Plaintiffs have no possibility of recovery against Defendant Depriest in this matter.

> 2. Whether Allstate Has Shown Actual Fraud in the Pleading of Jurisdictional Facts Relative to Defendant Depriest

Allstate also argues that fraudulent joinder is established by "actual fraud in the pleading of jurisdictional facts," as "Plaintiffs' Petition is replete with false statements relating to the fraudulently joined Defendants." *Dutcher*, 733 F.3d at 988; Notice of Removal at 10. Allstate's success on this basis "basically requires a showing that plaintiff lied" when pleading the jurisdictional facts. *Sanelli v. Farmers Ins. Co.*, No. CIV-23-263-SLP, 2023 WL 3775177, at *2 (W.D. Okla. June 2, 2023) (internal quotation marks omitted); s*ee also Dutcher*, 733 F.3d at 988.

In support of this contention, Allstate presents the affidavit of Weston Depriest, who, in addition to denying making the alleged misrepresentations discussed above, denies the Complaint's allegations that he was associated with the Rick DePriest Agency, Inc. (or "RDA"). *See* Depriest Aff. ¶¶ 1-20. Allstate also presents the affidavit of Rick DePriest, who likewise denies any connection between Weston Depriest and RDA or between

Plaintiffs and RDA. *See* Rick DePriest Aff. (Doc. No. 1-4) ¶¶ 1-23. These sworn denials are powerful evidence that the Complaint's allegations regarding RDA, specifically, are untrue.[2]

Allstate's affidavits do not evince the same degree of doubt, however, as to the allegations regarding the interactions between Defendant Depriest and Plaintiffs. As outlined above, Defendant Depriest denies Plaintiffs' account of the interactions between them. To "cast doubt" on the allegations in a pleading, however, does not prove their falsity "with complete certainty." *Stacy v. State Farm Fire & Cas. Co.*, No. CIV-22-883-PRW, 2023 WL 11915451, at *2 (W.D. Okla. Dec. 29, 2023) (internal quotation marks omitted). While an error in naming RDA as a defendant would suggest a level of carelessness that undermines the overall credibility of the Complaint, the Court does not view that error, if error it was, as so encompassing that it would be proper to disregard the specific facts alleged by Plaintiffs regarding what was said and done by Defendant Depriest. Any questions created by Allstate's evidence regarding the interactions between Defendant Depriest and Plaintiffs go beyond matters suitable for "summary determination" and into the realm of improperly pre-trying "doubtful issues of fact" and considering the credibility of the parties. *Smoot*, 378 F.2d at 882 (internal quotation marks omitted).

---

[2] To support the proposition that some connection is present between Weston Depriest and RDA, Plaintiffs have supplied an Oklahoma Insurance Department document that notes RDA as the "Designated Responsible Licensed Producer" on a listing about Licensee Weston Depriest. *See* Pl.'s Mot. Ex. 1 (Doc. No. 18-1) at 1-2. Allstate responds that this is not competent evidence to contradict the affidavits and does not establish a connection. *See* Def.'s Resp. at 14 n.1.

Allstate also cites similarities between Plaintiffs' Petition and pleadings filed by Plaintiffs' attorneys in other matters, suggesting that the common allegations show an intent to deceive. *See* Notice of Removal at 10, 15. Relevant to this point, Allstate points to three decisions by another judge of this Court that are highly critical of the "cookie cutter" allegations used across different pleadings by Plaintiffs' attorneys. In two of those decisions, the Court—in finding fraudulent joinder—noted that jurisdictional discovery had revealed that the insured plaintiffs did not recall representations they alleged were made by insurance agents/agencies. *See Marino v. State Farm Fire & Cas. Co.*, No. CIV-22-885-HE, 2023 WL 11915691, at *1, *3 (W.D. Okla. Aug. 7, 2023); *Goebel v. State Farm Fire & Cas. Co.*, No. CIV-22-882-HE, 2023 WL 11883977, at *1-3 (W.D. Okla. Aug. 7, 2023). In the third decision, the Court found the insured plaintiff's allegations as to the type of policies and dwellings, number of policies, how the policies were obtained, the agent's representations about the policies, and more, to be false. *See Baltasar v. State Farm Fire & Cas. Co.*, No. CIV-22-928-HE, 2023 WL 11883978, at *1-2 (W.D. Okla. Aug. 8, 2023) (finding "virtually none of the factual allegations upon which plaintiff relied to state a purported claim against [the agent] have proven to be true").

The evidentiary findings of other cases, no matter how facially similar, do not properly establish what occurred and what did not between the parties in this matter. Neither the use of form pleadings nor the similarity of pleadings in separate matters, without an additional showing such as in *Marino*, *Goebel*, or *Baltasar*, is sufficient to show that Plaintiffs lied in their jurisdictional pleadings. Although not dispositive in and of itself, the effect of overlap in pleadings is muted when the pleadings describe a "company-wide

scheme and pervasive practice," which makes it plausible that similar events repeatedly transpired. Pet. ¶ 34; *see Norman v. State Farm Fire & Cas. Co.*, 764 F. Supp. 3d 1100, 1104-05 (W.D. Okla. 2025) ("[T]he Court is not persuaded that the similarity in the allegations or the number of cases filed by Plaintiffs' counsel is necessarily suggestive of fraud in this action. Moreover, . . . the Petition alleges that the agents are an essential component of State Farm's scheme to wrongfully deny claims, and some similarity in statements or conduct is therefore conceivable."); *accord Stacy*, 2023 WL 11915451, at *2.

   3. Summary

For all these reasons, Allstate has not shown either that Plaintiffs have no possibility of recovery against Defendant Depriest or that Plaintiffs have engaged in actual fraud in the pleading of jurisdictional facts relative to Defendant Depriest. Thus, the inclusion of this nondiverse defendant does not constitute fraudulent joinder, the Court lacks jurisdiction under 28 U.S.C. § 1332(a), and remand is required.

  C. *Defendant RDA*

Because Allstate has not shown the fraudulent joinder of Defendant Depriest, the Court need not determine whether RDA was fraudulently joined. *See Montano*, 2000 WL 525592, at *2 ("[R]emand is required if any one of the claims against the non-diverse defendant . . . is possibly viable.").

CONCLUSION

Plaintiffs' Motion to Remand (Doc. No. 18) therefore is GRANTED.

The Court REMANDS this matter to the District Court for Grady County, Oklahoma, and DIRECTS the Clerk of this Court to send a certified copy of this Order to

the Clerk of the state court to which this matter is remanded.

    IT IS SO ORDERED this 29th day of September, 2025.

*[signature]*
CHARLES B. GOODWIN
United States District Judge